(88 Misc. Rep. 23)

GRIMES v. STRAUSS et al.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.) ·

1. MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—SUFFICIENCY OF EVIDENCE—NEGLIGENCE OF MASTER.

In an action for injuries to a department manager in a department store, caused by the fall of a fire extinguisher from the counter, evidence *held* insufficient to show any negligence on the part of the owners of the store or their superintendents.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977;  Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—EVIDENCE—NEGLIGENCE OF MASTER—KNOWLEDGE OF DANGER.

The mere fact that extinguishers had previously fallen from another counter was not evidence of negligence, or notice to the employer that they were inherently dangerous, in the absence of a showing that they had inflicted damage on the previous occasion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977;. Dec. Dig. § 278.*]

3. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—EVIDENCE—NEGLIGENCE OF MASTER—RES IPSA LOQUITUR.

The doctrine of res ipsa loquitur does not apply in an action by a department store employé to recover for injuries occasioned by the fall of fire extinguishers, which had been placed near the end of a counter.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955;  Dec. Dig. § 265.*]

Cohalan, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Madge Grimes against Percy S. Strauss and others. Judgment for the plaintiff, and defendants appeal.   Reversed, and complaint dismissed.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

William Butler, of New York City (R. Waldo MacKewan, of New York City, of counsel), for appellants.

Bernard Edelhertz, of New York City, for respondent.

SEABURY, J.   The action was brought to recover damages for personal injuries sustained by the plaintiff while she was in the employ of the defendants as manager of a section in the household goods department of R. H. Macy & Co.'s department store.   The plaintiff testified that she was standing in one of the aisles of the store, between the counters, upon which goods were placed for display and sale, and was directing a customer to another part of the store, when a large board, to which were attached three brass fire extinguishers, fell from one of the counters and struck her in the foot, causing the injuries of which she complains.   The board in question had been resting upon an easel upon the counter, and was used to display the fire extinguishers for sale.   Daniel J. Murphy, who was the person in charge of the entire basement of the department store, in which place the accident

occurred, was called by the plaintiff, and testified that he had charge of the placing of goods upon the counters, and that they were placed there under his direction. He also stated that the fire extinguishers were placed within about four inches from the end of the table.

The defendant called several of the girls employed in the plaintiff's section, who testified that the fire extinguishers had remained on the table for several weeks before the accident occurred, in the same position in which they were when they fell. One of the defendants' witnesses testified that she was within five or six feet of the accident when it occurred, and saw it, and that she saw Marian Wolfert, a saleswoman in the defendants' employ, push a pastry board, which was displayed on the same counter at the side of the fire extinguishers, which act jarred the extinguishers and caused them to fall.

Marian Wolfert was called in rebuttal by the plaintiff. She admitted that she was selling a board from the same counter at the time of the accident, but stated that she was about five feet from the counter at the time, and did not push it, and that the board was not near the fire extinguishers.

[1] The learned trial justice rendered a decision awarding $150 damages to the plaintiff. I am unable to find in the record any evidence of negligence upon the part of the defendants or their superintendents. The only evidence offered as to the cause of the falling of the extinguishers was that of the defendants' witness, showing that they were pushed by one of plaintiff's fellow servants, for which the defendants would clearly not be liable. This evidence was denied by the plaintiff's witness, to whom credence was apparently given by the court in preference to the defendants' witness. There was no evidence of a defect in the easel upon which the extinguishers were displayed, and no evidence that they were placed in a dangerous position upon the counter.

[2] The mere statement of one of the witnesses that they had previously fallen from another counter was no evidence of negligence, in the absence of proof as to the cause of the previous fall; and the fact that they had previously fallen would not be notice to the company that they were inherently dangerous, unless it appeared that they had inflicted damage on the previous occasion which was not shown.

[3] The case is certainly not one to which the doctrine of res ipsa loquitur could apply. From the mere fact that the extinguishers fell from the counter it cannot be assumed that they were negligently placed, or that it was negligence to display them upon a counter. They may have been pushed accidentally by one of the clerks, or even by a passing customer, and the chance of a human being having the misfortune to be standing in the spot upon which they fell was so remote that the general situation could not be said to be inherently dangerous or unsafe.

The judgment is totally unsupported by proof of negligence in the defendants, and should be reversed, with costs, and the complaint dismissed, with costs.

BIJUR, J., concurs. COHALAN, J., dissents.